**BARRINGER v. MID PINES DEV. GRP., L.L.C.**

[357 N.C. 451 (2003)]

J. ALAN BARRINGER AND WIFE, JENNIE S. BARRINGER v.
MID PINES DEVELOPMENT GROUP, L.L.C.

No. 519A02

(Filed 22 August 2003)

**Negligence; Evidence— diverted attention—phychological test results**

A decision by the Court of Appeals finding error in the trial of an action to recover for injuries sustained by plaintiff when he tripped on an electrical cord at a buffet table is reversed for the reasons stated in the dissenting opinion in the Court of Appeals that (1) the trial court's refusal to give plaintiff's requested instruction on diverted attention was not error because it was not a proper statement of the law and was not supported by the evidence, and (2) the results of a psychological test administered to plaintiff by a psychologist who did not testify were properly admitted into evidence under Rule of Evidence 803(6).

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 152 N.C. App. 549, 568 S.E.2d 648 (2002), reversing a judgment entered 2 August 2000 and an order entered 27 October 2000 by Judge Ronald L. Stephens in Superior Court, Wake County, and remanding for new trial. Heard in the Supreme Court 13 March 2003.·

*The Jernigan Law Firm, by Leonard T. Jernigan, Jr.; N. Victor Farah; and Lauren R. Trustman, for plaintiff-appellees.*

*Cranfill, Sumner & Hartzog, L.L.P., by David H. Batten, Patrick H. Flanagan, and Jaye E. Bingham, for defendant-appellant.*

PER CURIAM.

For the reasons stated in the dissenting opinion, the decision of the Court of Appeals is reversed.

REVERSED.